18 Civ. 06356 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AHMAD SINGER,

                                    Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, CHRISTOPHER ROKER and DAVID BAKSH, as individuals,

                                    Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Shawna C. MacLeod*
*Tel: (212) 356-3187*
*E-mail: smacleod@law.nyc.gov*
*Matter No. 2018-084886*

**PRELIMINARY STATEMENT**

New York City Health and Hospitals Corporation, Christopher Roker, and David Baksh (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for partial dismissal of the Complaint. Plaintiff, a former Senior Associate Executive Director at Queens Hospital Center ("QHC"), who self-identifies as a Muslim male of Lebanese and Middle Eastern descent, brings this action under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"),[1] alleging claims of hostile work environment and discrimination on the basis of his gender, race, national origin, and religion, along with claims of retaliation, against Defendants.

For the reasons set forth below, Plaintiff's claims against individual defendant Christopher Roker should be dismissed.

**ARGUMENT**[2]

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts "to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, courts "'are not bound to accept as true a legal conclusion couched as a

---

[1] On February 1, 2019, Plaintiff agreed to voluntarily withdraw his claims under the Employee Retirement Income Security Act of 1974 ("ERISA") without prejudice, see ECF No. 10, and the Court so-ordered the parties' stipulation discontinuing the ERISA claims. See ECF No. 11.

[2] The few facts relevant to this motion for partial dismissal of the Complaint are set forth in this section, and are derived from the allegations in Plaintiff's Complaint. Plaintiff's material factual allegations are assumed to be true for the purposes of this motion only.

1

factual allegation,'" and need not accept as true any conclusory allegations. Id. at 678, 681 (quoting and citing Twombly, 550 U.S. at 554-55). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

## POINT I
## CHRISTOPHER ROKER SHOULD BE DISMISSED FROM THIS ACTION

The factual allegations against Christopher Roker, in his individual capacity, pertain solely to Plaintiff's ERISA claims. Pursuant to the parties' stipulation dated February 1, 2019, ECF Nos. 10 & 11, Plaintiff voluntarily discontinued all his ERISA claims. Mr. Roker should therefore be dismissed from this action, as well. Moreover, Plaintiff has sued Mr. Roker, QHC's Chief Executive Officer, in his individual capacity as an "agent" and "employer" under Title VII, and this claim should be dismissed as a matter of law.

**A.  The Complaint Does Not State a Claim Against Mr. Roker**

The only non-conclusory factual allegations pleaded against Mr. Roker concern Plaintiff's ERISA claims—not any other claims. See generally Compl. & id. ¶ 78. Because Plaintiff has voluntarily withdrawn his ERISA claims, Mr. Roker should also be dismissed from this action.

Indeed, with the exception of conclusory allegations, none of Plaintiff's claims of discrimination, hostile work environment, and/or retaliation under Title VII, the SHRL, or the CHRL pertain to Mr. Roker, or allege that Mr. Roker acted with any discriminatory or retaliatory motive. See generally Compl. There is not a single allegation about Mr. Roker's personal involvement in the section entitled "Statement of Facts as to Causes of Action #1-6." Rather,

Plaintiff's factual allegations as to these claims regard Mr. Baksh, see id. ¶¶ 34-40, 43, and Ms. Gabriele, see id., ¶¶ 55-56.

Plaintiff's generic allegations that "upper management was continually made aware" of Mr. Baksh's allegedly harassing conduct—even if the allegation was meant to refer to Mr. Roker—is too vague to state a claim against Mr. Roker. Other conclusory allegations purport to describe the animus of "defendants," which theoretically could include Mr. Roker, but such claims are insufficient to require Mr. Roker to remain a defendant, in light of the Supreme Court's admonition that, to be viable, allegations must cross the line from the conceivable to the plausible. See Iqbal, 556 U.S. at 680. For example, Plaintiff alleges only that "Defendants used the June 2017 lay offs as a pretextual explanation for terminating Plaintiff's employment rather than address the real reasons for Plaintiff's termination: his gender, race, national origin and religion, and his complaints made to upper management about Baksh's behavior," id. ¶ 58; "Defendants terminated Plaintiff in an unlawful and discriminatory manner," id. ¶ 60; and "Defendants terminated Plaintiff with an unlawful and discriminatory purpose," id. ¶ 61. But these allegations are nothing but "naked assertions devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (internal quotations and alteration omitted), and cannot support Plaintiff's claims.

Plaintiff has failed to plead any even potentially viable federal claims against defendant Roker. Similarly, Plaintiff fails to plead any even potentially viable SHRL or CHRL claims against Mr. Roker. As noted above, Plaintiff does not allege any acts of discrimination, hostile work environment, or retaliation against Mr. Roker, and there are no allegations that Mr. Roker aided, abetted, compelled, or coerced the doing of any acts prohibited by the SHRL or CHRL. Mr. Roker should therefore be dismissed from the case.

**B.     As a Matter of Law, Mr. Roker Cannot Be Individually Liable Under Title VII**

Plaintiff cannot maintain a Title VII claim against Mr. Roker for the additional reason that the statute does not "subject[] individuals, even those with supervisory liability over the plaintiff, to personal liability." Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order); see also Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) ("[W]e hold that an employer's agent may not be held individually liable under Title VII."); Akinsanya v. N.Y.C. Health & Hosps. Corp.—Kings Cty. Hosp. Ctr., No. 16-CV-3332 (VEC) (KNF), 2017 U.S. Dist. LEXIS 120962, at *30 (S.D.N.Y. July 28, 2017) (R&R) (dismissing hospital CEO as individual defendant under Title VII), report & recommendation adopted by 2017 U.S. Dist. LEXIS 147292 (Sept. 12, 2017).

Accordingly, Mr. Roker, the CEO of QHC, is not Plaintiff's "employer" under the statute, and he cannot be sued as an individual under Title VII.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Christopher Roker as a defendant, and order that the caption be amended to reflect that dismissal, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           February 1, 2019

                                                  **ZACHARY W. CARTER**
                                                  Corporation Counsel of the
                                                     City of New York
                                                  *Attorney for Defendants*
                                                  100 Church Street, Room 2-111
                                                  New York, New York 10007
                                                  (212) 356-3187
                                                  smacleod@law.nyc.gov

By: _____
       Shawna C. MacLeod
       Assistant Corporation Counsel

4